UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WATERS PLACE 26, LLC,

    Plaintiff,

vs.                                      Case No.:

COMPASS BANK, an Alabama
banking corporation,

    Defendant.

_____

## NOTICE OF REMOVAL

Defendant, Compass Bank ("Compass"), pursuant to 28 U.S.C. § 1441 and § 1446, hereby removes this action to the United States District Court, Middle District of Florida, Tampa Division, and in support thereof states:

1.    This action is removed to the United States District Court, Middle District of Florida, Tampa Division, on the basis that this Court has original jurisdiction of this action based upon diversity of citizenship of the parties and the requisite jurisdictional amount, pursuant to 28 U.S.C. § 1332(a)(1).

2.    This action was originally filed in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and styled <u>Waters Place 26, LLC, Plaintiff, vs. Compass Bank, an Alabama banking corporation, Defendant</u>, Case No. 09-10557, Division A (the "State Court Action").

3.    Compass was served with Plaintiff's Complaint on April 29, 2009. Compass, however, was not able to ascertain from the Complaint whether federal diversity jurisdiction

existed in order to be able to remove this case to this federal court within 30 days of service. Specifically, in the Complaint, Plaintiff, a limited liability company, failed to identify its members and their respective state(s) of citizenship as necessary for Compass to be able to ascertain whether complete diversity exists. See Lewis v. Seneff, No. 6:07-cv-1245-Orl-22DAB, 2008 WL 3200273 (M.D. Fla. Aug. 5, 2008)(an LLC "is not, without more, a citizen of the state that created the entity"); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004)(for diversity purposes, the citizenship of an LLC depends on the citizenship of each member composing the organization).

4. As is evident from the documents, pleadings and orders on file in the State Court Action (copies of which are concurrently being filed herein), Compass diligently sought Plaintiff's citizenship information. However, Plaintiff refused to voluntarily provide such information and it was only provided by Plaintiff after the state court, on October 23, 2009, entered an Order Granting Compass' Motion to Compel Plaintiff to Respond to Compass' First Interrogatory and sanctioned Plaintiff for failing to fully and properly respond to Compass' First Interrogatory. See Order Granting Compass' Motion to Compel Plaintiff to Respond to Compass' First Interrogatory attached hereto as Exhibit "12."

5. On November 6, 2009, Plaintiff served Compass, via facsimile and U.S. Mail, with Plaintiff's Supplemental Answer to Compass' First Interrogatories ("Plaintiff's Second Supplemental Answer") and finally provided Compass (for the first time) with the necessary information for Compass to be able to ascertain that complete diversity in fact exists between Plaintiff and Compass. See Plaintiff's Second Supplemental Answer attached hereto as Exhibit "13" and Notice of Filing Verification to same (served on November 13, 2009) attached hereto as Exhibit "14."

6. Plaintiff's Second Supplemental Answer states as follows:

Members of Waters Place 26, LLC- A Florida limited liability company
 1. Barry Appel: a citizen of Florida
 2. Tampa3properties, LLC: a Delaware limited liability company

Members of Tampa3properties, LLC-a Delaware limited liability company
 1. Jack Forgash (55%): a citizen of New Jersey
 2. MCM 1998 Revocable Trust (15%): located in New York
 3. Charles Mamiye (20%): a citizen of New York
 4. Hyman Mamiye (10%): a citizen of New York

Members of MCM 1998 Revocable Trust are:
 1. Hyman Mamiye (50%): a citizen of New York
 2. Charles M. Mamiye (50%): a citizen of New York

Further, the membership of Waters Place 26, LLC has not changed between the time that the Complaint was filed and the time that this supplemental response is being drafted.

As is evident from Plaintiff's Second Supplemental Answer, Plaintiff is a citizen (for the purpose of establishing that federal diversity jurisdiction exists) of the states of Florida, New Jersey and New York and such has been the case at all times relevant to this removal including from the time that the Complaint was filed through the date of this Notice of Removal.

7. Compass is an Alabama banking corporation with its principal place of business in Birmingham, Alabama. See Declaration of Sarah Santos in Support of Compass Bank's Notice of Removal attached hereto as Exhibit "A." Furthermore, Compass has been a citizen (for the purpose of establishing that federal diversity jurisdiction exists) of the State of Alabama at all times relevant to this removal including from the time that the Complaint was filed through the date of this Notice of Removal. See id.

8. Accordingly, complete diversity of citizenship exists between Compass and Plaintiff. See 28 U.S.C. § 1332(a)(1).

3

9. In the Complaint, Plaintiff alleges damages of at least $750,000 against Compass. See, e.g., Complaint attached hereto at Exhibit "2", ¶¶ 19, 24-36, and 53. Accordingly, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, the jurisdictional amount for diversity matters. See 28 U.S.C. §1332(a)(1).

10. As shown, this Court has original jurisdiction of this action based upon diversity of citizenship of the parties and the requisite jurisdictional amount, pursuant to 28 U.S.C. § 1332(a)(1). Also, this removal is timely being effected by Compass because it is being made within 30 days from the date (November 6, 2009) that Compass was able to first ascertain that this case is removable to this federal court and well within a year of the date of the commencement of the State Court Action. See 28 U.S.C. §1446(b).

11. Pursuant to Local Rule 4.02(b), copies of all process, documents, orders, and pleadings served by and upon the parties, and all papers now on file in the state court action, are contemporaneously filed herewith as the following exhibits:

Exhibit "1"—the Summons;

Exhibit "2"—the Complaint;

Exhibit "3"—Defendant's Notice of Service of Interrogatories;

Exhibit "4"—Compass Bank's Motion to Stay and Limit Discovery;

Exhibit "5"—Defendant's Motion to Dismiss, Motion to Strike, and Incorporated Memorandum of Law;

Exhibit "6"—Plaintiff's Notice of Serving Answers to Defendant's First Interrogatories (including Plaintiff's Answers);

Exhibit "7"—Defendant's Motion to Compel Plaintiff to Respond to Defendant's First Interrogatory;

Exhibit "8"—Plaintiff's Notice of Serving Supplemental Answers to Defendant's First Set of Interrogatories (including Plaintiff's Supplemental Answers);

Exhibit "9"—Notice of Telephonic Hearing;

Exhibit "10"—Compass Bank's Supplemental Brief in Support of its Motion to Compel Plaintiff to Respond to Defendant's First Interrogatory;

Exhibit "11"—Letter to Court from Ricardo A. Bedoya, Defendant's counsel;

Exhibit "12"—Order Granting Defendant's Motion to Compel Plaintiff to Respond to Defendant's First Interrogatory;

Exhibit "13"—Plaintiff's Notice of Serving Supplemental Answers to Defendant's First Set of Interrogatories (including Plaintiff's Supplemental Answers);

Exhibit "14"—Plaintiff's Notice of Filing (including verification page to Plaintiff's Supplemental Answers to Defendant's First Set of Interrogatories).

12.   A copy of this Notice of Removal has been filed with the state court.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

_____
Peter P. Hargitai
Florida Bar No. 85375
Peter.hargitai@hklaw.com
Ricardo A. Bedoya
Florida Bar No.: 933171
Ricardo.Bedoya@hklaw.com
50 North Laura Street
Suite 3900
Jacksonville, FL 32202
(904) 353-2000
Facsimile: (904) 358-1872

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Anthony M. Lopez, Esquire, MARIN, ELJAIEK & LOPEZ, P.L., 2601 South Bayshore Drive, Suite 700, Miami, FL 33133, via E-mail and U.S. mail, this 25 day of November, 2009.

_____
Attorney

# 6308372_v2