UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:09-CIV-02418-T-24EAJ

WATERS PLACE 26, LLC, and
TAMY TAMPA 1 26, LLC

      Plaintiff,
vs.

COMPASS BANK, an Alabama
Banking corporation, et al

      Defendant.
_____/

## PLAINTIFFS' MOTION TO REMAND

Plaintiffs, WATERS PLACE 26, LLC and TAMY TAMPA 1 26, LLC (collectively the "Plaintiffs"), pursuant to 28 U.S.C. § 1447(e), moves this Court for an order remanding this case back to the 13th Judicial Circuit, in and for Hillsborough County, Florida, and in support thereof state as follows:

### Preliminary Statement

This case is premised on a breached loan modification agreement. Plaintiff, Waters Place, initially sued Defendant, Compass Bank, for, Fraudulent Misrepresentation, Negligent Misrepresentation, Fraud in the Inducement, Breach of Contract, Breach of Fiduciary Duty, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Tortious Interference with an Advantageous Business Relationship. Compass Bank then removed the case from the 13th Judicial Circuit to this Court on the bases of complete diversity. However, as more discovery took place Plaintiff discovered new causes of actions and parties who should be added as defendants to the instant action. As such, Plaintiff moved this Court for leave to file an

Amended Complaint and this Court granted Plaintiff's motion in its order dated April 29, 2009. As a result of the additional parties being added to the Complaint complete diversity is destroyed and this Court no longer has jurisdiction over the matter.

## Summary of the Argument

While the removal of this matter to this Court was proper when done, this Court now lacks subject matter jurisdiction over the matter and should remand this case back to the 13th Circuit Court. On April 29, 2009 when this Court granted the Plaintiff's Motion for Leave to File an Amended Complaint and allowed Waters Place to add the additional defendants, NAI and Casey Babb, complete diversity was destroyed between the Plaintiffs and Defendants. The lack of complete diversity destroys the subject matter jurisdiction of this Court.

## Memorandum of Law

Pursuant to 28 U.S.C. § 1447(e), "if after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand to the State Court." Moreover, "[q]uestions of subject matter jurisdiction may be raised… at any time during the pendency of the proceedings." *United States v. Ayarza-Garcia,* 819 F.2d 1043, 1048 (11th Cir.)., *cert. denied,* 484 U.S. 969, 108 S.Ct. 465, 98 L.Ed.2d 404 (1987). Accordingly, this Court, after it allowed for the Plaintiff to add the defendants, NAI and Casey Babb now must remand the case back to the circuit court for Hillsborough County. NAI is a Florida corporation and Casey Babb is an individual who is at the very least a resident of Florida and most likely a citizen of Florida. The addition of NAI and Mr. Babb as defendants to the instant matter destroys this Court's subject matter jurisdiction and as a result this case must be remanded. In fact, this Court has stated that "[i]t is well settled that once a district court permits joinder of a non-diverse defendant, subject matter jurisdiction is

destroyed and the case must be remanded back to state court." *Martelo v. Hess Corp.*, 2007 WL 2071500 (M.D.Fla.). Further, the Eleventh Circuit has stated that "it is axiomatic that lack of complete diversity between parties deprives federal courts of jurisdiction over a lawsuit." *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 861 (11th Cir. 1998). As there is now a lack of complete diversity between the Parties, this Court no longer has subject jurisdiction over the matter and must remand the case to the 13th Judicial Circuit in and for Hillsborough County, Florida.

## Conclusion

For the reasons outlined above, Plaintiffs respectfully request that this case be remanded back to the 13th Judicial Circuit, in and for Hillsborough County, Florida.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties as identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

          **Attorneys for Plaintiff**

          **MARIN ELJAIEK & LOPEZ, P.L.**
          2601 South Bayshore Drive, Suite 700
          Coconut Grove, Florida 33133
          Telephone (305) 444-5969
          Facsimile (305) 444-1939

          By:   s/Anthony M. Lopez
                Anthony M. Lopez, Esq.
                Florida Bar No.:13685

## SERVICE LIST

Peter P. Hargitai, Esq.
Holland & Knight, LLP
50 North Laura Street
Suite 3900
Jacksonville, Florida 32202
Telephone: 904.353.2000
Facsimile: 904.358.1872
Counsel for Defendant
[Electronic Mail Notice]