UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WATERS PLACE 26, LLC, and
TAMY TAMPA 1 26, LLC,

      Plaintiffs,

v.                                                        Case No.  8:09-cv-2418-T-24-EAJ

COMPASS BANK, et al.,

      Defendants.
_____/

**ORDER**

      This cause comes before the Court on Plaintiffs' Motion to Remand (Doc. 29).  Plaintiff, Waters Place 26, LLC ("Waters Place") sued Defendant Compass Bank ("Compass") in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, alleging a number of state law claims.  (Doc. 2.)  Compass removed the case to this Court based on diversity jurisdiction.  (Doc. 1)  Compass moved for dismissal on February 5, 2010.  (Doc. 14.)  Waters Place opposed the motion (Doc. 16) and filed a Motion to Amend (Doc. 18), and the Court granted Waters Place leave to amend (Doc. 26).  In its Amended Complaint (Doc. 27), Waters Place added another plaintiff, Tamy Tampa 1 26, LLC ("Tamy Tampa"), a number of state law claims, and two additional defendants, NAI Tampa Bay Commercial Real Estate Services, Inc. ("NAI") and Casey Babb.  Now, Waters Place moves the Court to remand the case back to the Thirteenth Judicial Circuit because with the addition of NAI and Babb, complete diversity is destroyed.  (Doc. 29.)

      Federal diversity jurisdiction under 28 U.S.C. § 1332 requires "complete diversity" – the citizenship of every plaintiff must be diverse from the citizenship of every defendant.  See, e.g.,

Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1564 (11th Cir. 1994).  In Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC, the Eleventh Circuit joined other federal appellate courts in holding "a limited liability company is a citizen of any state of which a member of the company is a citizen."  374 F.3d 1020, 1022 (11th Cir. 2004).  Therefore, the citizenship of all members of Waters Place and Tamy Tampa must be diverse from the citizenship of all Defendants.  See Palmer, 22 F.3d at 1564.  Any commonality of citizenship will defeat diversity jurisdiction.  See id.

At least one member of Plaintiff Waters Place—Barry Appel—is a citizen of Florida.  (Doc. 1, Ex. 14.)  Defendant NAI is registered as a Florida Profit Corporation with the Florida Department of State, Division of Corporations.  In their motion, Plaintiffs also state that Defendant Babb "is an individual who is at the very least a resident of Florida and most likely a citizen of Florida."  (Doc. 29 at 2.)  Though Defendants have not responded to this motion to admit or deny Babb's Florida citizenship, NAI's Florida citizenship is sufficient to defeat complete diversity of citizenship.  This case must therefore be remanded back to the Thirteenth Judicial Circuit.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion to Remand (Doc. 29) is GRANTED.  This case is remanded back to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and the Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of May, 2010.

*[signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record